# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| POAT M. GIVENS, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-3461 |
| § | |
| NORTH HARRIS MONTGOMERY § | |
| COMMUNITY COLLEGE § | |
| DISTRICT, § | |
|    Defendant. § | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 22] filed by Defendant North Harris Montgomery Community College District ("the District"). Plaintiff Poat M. Givens was directed to file any opposition to the Motion by April 17, 2008, and was cautioned that failure to do so could result in the entry of summary judgment in Defendant's favor and the dismissal of this lawsuit with prejudice. *See* Order [Doc. # 25]. Notwithstanding the Court's Order, Plaintiff has neither filed any opposition to Defendant's Motion nor requested additional time to do so. Based on the Court's review of the full record and the application of governing legal authorities, the Court **grants** Defendant's Motion.

## I.     FACTUAL BACKGROUND

Defendant is a community college district in the Houston, Texas area. Its chief executive officer is its Chancellor. Plaintiff is an African-American who was employed by the District in various faculty and professional positions from 1999 until she resigned in February 2006.

During her employment with the District, Givens experienced conflicts with her supervisors and consistently failed to comply with the District's policies. For example, Plaintiff does not dispute that she violated the District's policy against outside employment without supervisor approval, misused a District credit card, and failed to comply with the District's policies regarding absenteeism and maintaining regular office hours.

Beginning in August 2002, Plaintiff was employed as a full-time associate professor on a one-year contract for the first three years. After Plaintiff completed three years of service in that position, the District could give her a two-year contract, another one-year contract, or not renew her contract at all. It is undisputed that after three years of service, Plaintiff was given a new one-year contract. Prior to the expiration of that one-year contract, Plaintiff's supervisor made a private recommendation to the college president that Plaintiff's contract not be renewed for the upcoming year. Plaintiff resigned her position on February 14, 2006.

Plaintiff then sought to obtain a teaching position at a different college in the District. Plaintiff was recommended for the position, but needed to submit her application to and obtain approval from the Chancellor. Plaintiff declined to submit her application to the Chancellor and, as a result, was not hired for the teaching position.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 9, 2006. The EEOC issued a Notice of Right to Sue on August 21, 2006. Plaintiff filed this lawsuit in Texas state court on August 16, 2006. In her state court complaint, Plaintiff alleged that she was discriminated against on the basis of her race, was subjected to a hostile work environment, and was retaliated against in violation of Title VII. Plaintiff also alleged that the District violated 42 U.S.C. § 1981, engaged in misrepresentation or fraudulent misrepresentation, and caused her to suffer extreme emotional distress. Defendant removed the case to federal court on November 2, 2006. After ample time for discovery, Defendant filed its Motion for Summary Judgment on February 25, 2008. The Motion is now ripe for decision.

## II.  **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the non-moving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak*, 953 F.2d at 913). However, if the moving party fails

to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). In the absence of any proof, the court will not assume that

the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.    ANALYSIS

### A.    Race Discrimination Claim

Plaintiff asserts a Title VII claim for race discrimination. Givens alleges that the District discriminated against her on the basis of her race when "she was denied employment, and her contract of employment was not renewed, in favor of other employees outside her protected category, having fewer qualifications." *See* Complaint [Doc. # 1], ¶¶ 6-7. In order to overcome Defendant's summary judgment motion, Givens must present evidence that raises a genuine issue of material fact regarding whether the District engaged in unlawful discrimination. *See* FED. R. CIV. P. 56(c). Where, as here, there is no direct evidence of discrimination, the case is analyzed under a burden-shifting analysis. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316-17 (5th Cir. 2004) (citations omitted). The plaintiff must first present evidence of a *prima facie* case of discrimination. *See Alvarado v. Texas Rangers,* 492 F.3d 605, 611 (5th Cir. 2007). If the plaintiff presents evidence of a *prima facie* case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. *Id.* "If the employer is able to state a legitimate rationale for its employment

action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination." *Id.*

Plaintiff may establish a *prima facie* case of discrimination by demonstrating that (1) she is a member of a protected class, (2) she was qualified for her position or for the position she sought, (3) she was subject to an adverse employment action, and (4) others similarly situated, but outside the protected class, were treated more favorably. *Id.*

In this case, it is undisputed that Plaintiff, an African-American, is a member of a protected class. Plaintiff has alleged that she was denied employment and that her contract was not renewed. Plaintiff has failed to present evidence, however, to support her allegations. The uncontroverted evidence shows that Plaintiff's one-year contract was renewed three times.[1] Although it was recommended that the contract not be renewed for another one-year term, Plaintiff resigned her position with the District before she was aware of the recommendation and before the District reached a final decision. When she sought employment with the District at a different college,

---

[1] Plaintiff does not appear to challenge the decision to renew her contract the last time for only one year rather than extend it to a two-year contract. To the extent she may claim that decision was based on race, the claim would be time-barred under Title VII. The most recent decision to renew her contract for only one year was made in February 2005, more than 300 days before Plaintiff filed her charge of discrimination with the EEOC in August 2006. *See* 42 U.S.C. § 2000e-5(e)(1).

she was advised that her employment would be recommended, but that she would need to submit her application to the District's Chancellor and obtain his approval.[2] It is undisputed that Plaintiff declined to submit her application to the Chancellor. As a result, Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of her allegation that she was denied employment, that her contract was not renewed, or that she was treated differently than employees who are not African-American. Plaintiff has failed to present evidence to establish a *prima facie* case, and Defendant is entitled to summary judgment on Plaintiff's race discrimination claim.

### B. Hostile Work Environment Claim

Plaintiff alleges that "Defendant tolerated an intimidating, hostile and offensive working environment that unreasonably interfered with plaintiff's work performance and negatively affected her employment opportunities." *See* Complaint, ¶ 8(b). A party may establish a violation of Title VII by proving that severe, pervasive harassment created a hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986); *Skidmore v. Precision Printing & Packaging, Inc.*,

---

[2] The undisputed evidence establishes that it was the District's policy to require Chancellor approval for employment of prior employees who had performance deficiencies or who had a recommendation that their contract not be renewed. Plaintiff has failed to present any evidence that the policy was race-based or that employees who were not in the protected class were not subject to the policy.

188 F.3d 606, 616 (5th Cir. 1999).  "For harassment to be sufficiently severe or pervasive to alter the conditions of the victim's employment, the conduct complained of must be both objectively and subjectively offensive."  *Equal Employment Opportunity Comm'n v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007).  "To determine whether the victim's work environment was objectively offensive, courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance."  *Id.*

     Plaintiff alleges that she was subjected to increased scrutiny by her supervisors.  She has not, however, presented any evidence that the scrutiny was based on her race or that employees who are not African-American were treated differently.  Plaintiff also describes two incidents that were racially improper.  In one incident, a student used a racial slur in class.  In the other incident, a student taped a racial slur to a faculty member's office door.  It is undisputed that neither incident involved Plaintiff, that neither incident was witnessed by Plaintiff, and that neither incident occurred at the campus at which Plaintiff worked.

Plaintiff has failed to present evidence that raises a genuine issue of material fact in support of her claim that she was subjected to a hostile work environment. Defendant is entitled to summary judgment on this claim.

### C.    Retaliation, § 1981/§ 1983, and State Law Tort Claims

Plaintiff in her Complaint alleged that Defendant retaliated against her and violated § 1981.[3]  Plaintiff also alleged that Defendant's conduct constituted misrepresentation or fraudulent misrepresentation, and that she suffered extreme emotional distress.  Plaintiff in her Response to Requests for Admission [Exh. 4 to Motion] abandoned her retaliation claim (Admissions Nos. 10 and 11), her § 1981/§ 1983 claim (Admission No. 12), and her state law tort claims (Admissions Nos. 7-9).

### D.    Punitive Damages Claim

Plaintiff in this case seeks exemplary or punitive damages.  Defendant is a local governmental unit and, as such, is not subject to an award of punitive damages.  *See Mosley v. Houston Community College Sys.*, 951 F. Supp. 1279, 1290 (S.D. Tex. 1996) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)).

---

[3]    Plaintiff's § 1981 claim can be pursued against Defendant, a local governmental entity, only through § 1983.  *See Oden v. Okitebbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir. 2001).

Consequently, the District is entitled to summary judgment on Plaintiff's claim for punitive damages.

## IV.   <u>CONCLUSION AND ORDER</u>

Plaintiff has failed to present evidence to support her race discrimination and hostile work environment claims.  She has abandoned her retaliation, § 1981/§ 1983, and state law tort claims, and she is not entitled to recover punitive damages from the Defendant because it is a local governmental entity.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 22] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  The Court will enter a separate final judgment.

**SIGNED** at Houston, Texas, this 28th day of **April, 2008**.

_____
Nancy F. Atlas
United States District Judge